## United States Bankruptcy Court
### Northern District of Georgia
### ATLANTA DIVISION

In re  **Brian Thomas Crooks**
       **Beth Haynes**
                                                              Case No. **09-69160**
                        Debtor(s)                             Chapter  **13**

### CHAPTER 13 PLAN

Extension ☐                                                   Composition ☒

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$521.00** per **month** to Trustee by [ ] Payroll Deduction(s) or by [ X ] Direct Payment(s) for the applicable commitment period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. § 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

   The following alternative provision will apply if selected:

   ___ IF CHECKED, Plan payments will increase by $_____ on _____, 20__ upon completion or termination of _____.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees**. The attorney fees to be paid by Debtor are in the amount of **$3,850.00** for services rendered in the case. Prior to the filing of the case the attorney received **$0.00**. The balance of the fees shall be disbursed by Trustee as follows: (a) upon the first disbursement of the plan following confirmation of a plan, the Trustee shall disburse up to **$3,850.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to **$488.00** per month until the fees are paid in full; (b) if the case is dismissed or converted to Chapter 7 or 11 prior to confirmation of

1                                                                                04.14.08

the plan, the Trustee shall pay fees up to **$3,850.00** from available funds. ***This is a flat fee for all services required during the course of this case.**

5. **Priority Claims**.

 (A). **Domestic Support Obligations**.

  __X__ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

|  |  |
|---|---|
|  |  |
|  |  |

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

 (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

  __X__ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
|  |  |  |
|  |  |  |

 (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

  __X__ None; or

 Claimant and proposed treatment:

 (B). **Other Priority Claims (e.g., tax claims)**. All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| **Georgia Department of Revenue** | $1.00 |

| Internal Revenue Service | $12,000.00 |
|---|---|

6. **Secured Claims**.

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain**.

      (i). **Pre-confirmation adequate protection payments**. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

      Debtor shall make the following adequate protection payments:

      _____ directly to the creditor; or

      __X__ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
|  |  |  |
|  |  |  |

      (ii). **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

       (a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

       __X__ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

3

(b). **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

____**X**____ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(c). **Other provisions**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| **Countrywide Home** | **90 Fairlie Street, Unit 203** |

04.14.08

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037      Best Case Bankruptcy

| Green Point Savings | 90 Fairlie Street, Unit 203 |
|---|---|
| Fairlie Condo Assoc. | 90 Fairlie Street, Unit 203 |

7.  **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$192,463.00.** After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$0.00** or **0**%, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.  **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

   __X__   None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| | | | |
| | | | |

9.  **Property of the Estate**. Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions**:

    (A). **Special classes of unsecured claims**.

    (B). **Other direct payments to creditors. Debtor to establish and fund a real estate/self employment tax escrow account.  Debtor's student loan(s) shall be treated as a general unsecured debt and receive a pro rata share of ___%**

    (C). **Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with ___% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims.  Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

    (D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f):** The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the

plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

| (a) Creditor | (b) Account | (c) Estimated Claim |
|---|---|---|
|  |  |  |
|  |  |  |

(E). **If this is not an extension (100%) plan, any tax refunds the Debtor is entitled to receive for the calendar years ending in December 31, 2008, December 31, 2009 and December 31, 2010 shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee.**

(F). **Any creditors which are to be paid directly under this plan are authorized and encouraged to send monthly billing statements to the debtor(s) at the mailing address on record with the bankruptcy Court in this case.**

Date **April 25, 2009**     Signature **/s/ Brian Thomas Crooks**
                                      **Brian Thomas Crooks**
                                      Debtor

Date **April 25, 2009**     Signature **/s/ Beth Haynes**
                                      **Beth Haynes**
                                      Joint Debtor

Attorney **/s/ Tony Sandberg**
         **Tony Sandberg 625210**

04.14.08
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

# CERTIFICATE OF NOTICE

```
District/off: 113E-9          User: hyattj               Page 1 of 2                Date Rcvd: Apr 28, 2009
Case: 09-69160                Form ID: pdf589            Total Served: 36


The following entities were served by first class mail on Apr 30, 2009.
aty          Richard H. Siegel,   McCalla, Raymer, et al,   1544 Old Alabama Road,   Roswell, GA  30076-2102
cr          +Countrywide Home Loans Servicing, L.P.,   McCalla, Raymer, et al.,   Bankruptcy Department,
             1544 Old Alabama Road,   Roswell, GA 30076-2102
11480858    +Adorno & Yoss, LLC,   Two Midtown Plaza,   1349 W. Peachtree, Ste 1500,   Atlanta, GA 30309-2929
11480860    +Allied Interstate Inc,   Gemb,   Po Box 103104,   Roswell, GA 30076-9104
11480861    +American Express,   c/o Becket and Lee,   Po Box 3001,   Malvern, PA 19355-0701
11480863     Bank Of America,   4060 Ogletown/Stanton Rd,   Newark, DE 19713
11480864    +Capital 1 Bank,   Attn: C/O TSYS Debt Management,   Po Box 5155,   Norcross, GA 30091-5155
11480865    +Cardiology of Georgia,   P O Box 105527,   Atlanta, GA 30348-5527
11480866    +Chase,   Attn: Bankruptcy Dept,   Po Box 100018,   Kennesaw, GA 30156-9204
11480867    +Chase Na,   Attn: Bankruptcy Dept,   Po Box 100018,   Kennesaw, GA 30156-9204
11480868    +Countrywide Home Lending,   Attention: Bankruptcy SV-314B,   Po Box 5170,
             Simi Valley, CA 93062-5170
11521003     FDS BANK/MACYS,   TSYS DEBT MGMT., INC.,   PO BOX 137,   COLUMBUS, GA  31902-0137
11480870    +Fairlile Condo Assoc., Inc,   3405 Piedmont Road,   Suite 300,   Atlanta, GA 30305-1764
11480871    +First National Bank of Marin/Credit One,   Customer Service,   Po Box 98873,
             Las Vegas, NV 89193-8873
11480872    +Fulton County Tax Commissioner,   1113 Fulton Co. Gov. Center,   141 Pryor Street, SW,
             Atlanta, GA 30303-3444
11480873    +Georgia Department of Revenue,   Field Service,   PO Box 161108,   Atlanta, GA 30321-1108
11480874    +Green Point Savings,   Po Box 84013,   Columbus, GA 31908-4013
11480875   ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
             PHILADELPHIA PA 19114-0326
            (address filed with court: Internal Revenue Service,   401 W. Peachtree Street,   Stop 334-D,
             Atlanta, GA 30370)
11486220   ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
             PHILADELPHIA PA 19114-0326
            (address filed with court: Internal Revenue Service,   P. O. Box 21126,   Philadelphia PA 19114)
11480877    +Macys/fdsb,   9111 Duke Blvd,   Mason, OH 45040-8999
11480878    +NCO Financial Systems,   507 Prudential Rd,   Horsham, PA 19044-2368
11480880   ++PORTFOLIO RECOVERY ASSOCIATES LLC,   PO BOX 41067,   NORFOLK VA 23541-1067
            (address filed with court: Portfolio Rc,   Attn: Bankruptcy,   120 Corporate Blvd Suite 100,
             Norfolk, VA 23502)
11521812    +PRA Receivables Management, LLC,   As Agent Of Portfolio Recovery Assocs.,   POB 41067,
             NORFOLK VA 23541-1067
11480879    +Pinnacle Credit Serivc,   Po Box 640,   Hopkins, MN 55343-0640
11486221    +U. S. Attorney,   600 Richard B. Russell Bldg.,   75 Spring Street, SW,   Atlanta GA 30303-3315
11480883    +Weinstock & Scavo, PC,   3405 Piedmont Road, Suite 300,   Atlanta, GA 30305-1728
The following entities were served by electronic transmission on Apr 28, 2009.
tr          +E-mail/Text: bnc@13trusteeatlanta.com                          Adam M. Goodman,
             Adam M. Goodman, 13 Trustee,   Suite 200,   260 Peachtree Street,   Atlanta, GA 30303-1236
cr           E-mail/PDF: rmscedi@recoverycorp.com Apr 29 2009 06:13:14
             Recovery Management Systems Corporation,   25 SE 2nd Ave Suite 1120,   Miami, FL  33131-1605
11480859    +E-mail/PDF: recoverybankruptcy@afninet.com Apr 29 2009 05:54:25      Afni, Inc.,
             Attn: DP Recovery Support,   Po Box 3427,   Bloomington, IL 61702-3427
11480862    +E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM                          Asset Acceptance,
             Po Box 2036,   Warren, MI 48090-2036
11494623     E-mail/PDF: mrdiscen@discoverfinancial.com Apr 29 2009 05:55:51      DISCOVER BANK,
             DFS SERVICES LLC,   PO BOX 3025,   NEW ALBANY, OHIO  43054-3025
11480869    +E-mail/PDF: mrdiscen@discoverfinancial.com Apr 29 2009 05:55:51      Discover Fin Svcs Llc,
             Po Box 15316,   Wilmington, DE 19850-5316
11480876    +E-mail/Text: resurgentbknotifications@resurgent.com                          Lvnv Funding Llc,
             Po Box 740281,   Houston, TX 77274-0281
11549748     E-mail/PDF: rmscedi@recoverycorp.com Apr 29 2009 06:13:12
             Recovery Management Systems Corporation,   25 S.E. 2nd Avenue, Suite 1120,
             Miami, FL 33131-1605
11480881    +E-mail/Text: ebn@phinsolutions.com                          Rjm Acq Llc,
             575 Underhill Blvd Ste 2,   Syosset, NY 11791-3426
11480882    +E-mail/PDF: bankruptcyverizonwireless@afninet.com Apr 29 2009 05:54:40      Verizon Wireless,
             Po Box 3397,   Bloomington, IL 61702-3397
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 113E-9          User: hyattj              Page 2 of 2              Date Rcvd: Apr 28, 2009
Case: 09-69160                Form ID: pdf589           Total Served: 36
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 30, 2009**                    Signature:    _/s/ Joseph Speetjens_