UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| BRIAN THOMAS CROOKS | ) |
| BETH HAYNES, | ) CASE NO. 09-69160-REB |
| | ) |
| DEBTORS. | ) |

## OBJECTION TO CONFIRMATION

COMES NOW ADAM M. GOODMAN, TRUSTEE herein, and objects to Confirmation of the Plan for the following reasons:

1. The Debtors have failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

2. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

3. The Debtors have failed to provide the Trustee with a copy of the 2008 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

4. Debtors are self-employed; however, the Chapter 13 budget and schedules do not include an itemization for business expenses; thereby, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income, in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b).

5. Tax escrow slips have not been submitted, to reflect a self-employment tax withholding obligation of $300.00 per month; thereby, failing to substantiate the funding of post-petition obligations, 11 U.S.C. Section 1325(a)(6).

6. Paragraph 10 of the proposed Chapter 13 plan fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan.

7. Pursuant to the disposable income calculation on Form B22C, the unsecured pool in the Chapter 13 plan is less than that required by 11 U.S.C. Section 1325(b)(1)(B).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

  8. Paragraph 10(B) of the Plan is incomplete.

  9. In accordance with General Order No. 6-2006 and the annexed Statement of Rights and Responsibilities, the Debtors' attorney should timely provide proof of Debtor/husband's $2,170.00 monthly income and Debtor/wife's $90.00 income from yoga instructions to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

  WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtors' Plan, and to dismiss the case.

  June 2, 2009.

              ____/s/_____
              Mandy K. Campbell, Attorney
              for Chapter 13 Trustee
              GA Bar No. 142676

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

09-69160-REB

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day served

DEBTORS:

    BRIAN THOMAS CROOKS
    BETH HAYNES
    90 FAIRLIE STREET
    SUITE 203
    ATLANTA, GA 30303

ATTORNEY FOR DEBTORS:

    THE SANDBERG LAW FIRM
    INTERNATIONAL TOWER
    229 PEACHTREE STREET
    SUITE 705
    ATLANTA, GA 30303

the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 2nd day of June 2009.


       /s/
_____


Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444